UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CAROL FISHER,                                           <u>MEMORANDUM OPINION</u>
                                                        <u>AND ORDER</u>
                              Plaintiff
                                                        06-CV-1187 (ADS) (ETB)
              -against-

JOHN A. KANAS, JOHN BOHLSEN,
DANIEL T. HEALY, and NORTH FORK
BANCORPORATION, INC.,

                              Defendants.

------------------------------------------------------------------------X

        The plaintiff, Carol Fisher, commenced this securities fraud action on March 15, 2006.

Presently before the Court is plaintiff's motion seeking leave to commence limited discovery of

documents pursuant to the undue burden exception of the Private Securities Litigation Reform

Act of 1995 ("PSLRA"), which amended the Securities Exchange Act of 1934 ("the Exchange

Act").  For the reasons explained herein, plaintiff's motion is denied.

                                    <u>BACKGROUND</u>

        Plaintiff commenced this action against North Fork Bancorporation ("North Fork") and

individual executives of that company on March 15, 2006, alleging that the defendants

purposefully misrepresented the company's executive compensation policies to their

stockholders during the years of 2003, 2004, and 2005, in violation of Section 14(a) of the

Exchange Act.  (Pl.'s Amend. Compl. ¶¶ 20-21, 31-34.)  In particular, plaintiff alleges that the

defendants made  false and misleading statements about their individual change-in-control

agreements.  (<u>Id.</u> ¶¶ 2, 20-21.)  The actual cost of the defendants' collective change-in-control

1

executive compensation was not revealed until North Fork announced on March 15, 2006 that Capital One had proposed to acquire North Fork. (Id. ¶ 3.) At that time, the stockholders learned that North Fork would pay company executives approximately $288 million collectively under the change-in-control agreements made with the defendants. (Id. ¶ 23.) In addition, one of the terms of the agreement was that North Fork would pay for the defendants' entire income taxes on the benefits received from the compensation. (Id. ¶ 24.) Plaintiff claims that the executives made false statements to prevent stockholders from learning the actual terms and disciplining the defendants for negotiating excessive executive compensation packages. (Plaintiff's Mem. in Supp. of her Mot. to Partially Lift the Automatic Stay ("Pl.'s Mem. in Supp.") at 4-5.) In addition to the alleged violation of Section 14(a) of the Exchange Act, plaintiff also claims that the individually named defendants violated Section 20(a) of the Exchange Act because they were in positions of control at the time the compensation packages were created but failed to stop, and even fostered, the wrongful conduct on the part of North Fork. (Pl.'s Amend. Compl. ¶¶ 36-38.) Further, plaintiff claims that the individual defendants breached their common law fiduciary duty to the stockholders of North Fork. (Id. ¶¶ 40-41.)

Plaintiff is seeking: (1) an injunction of the the payment of the executive compensation packages; (2) a declaration that the tax gross-up provision is null and void; (3) costs and attorney's fees; and (4) other and further relief as may be proper. (Id. at 12.)

Plaintiff states that the acquisition of North Fork by Capital One could be completed as early as October 2006. (Pl.'s Mem. in Supp. at 2.) On March 20, 2006, I scheduled a conference in this case pursuant to Fed. R. Civ. P. 26(f) for July 20, 2006. (Id.) Shortly thereafter, the plaintiff attempted to obtain consensual, limited discovery from the defendants. (Id.) On June

13, 2006, Fisher moved to partially lift the automatic stay triggered by the motion to dismiss

pursuant to the Exchange Act  (Pl.'s Notice of Mot. at 1.)  Fisher specifically seeks:

> "all documents concerning North Fork's executive compensation
> including, without limiting the generality of the foregoing (a) drafts
> of the executive compensation portions of the 2003, 2004, and 2005
> North Fork proxy statements, (b) reports by consultants or others, (c)
> relevant portions of minutes of board or other committee meetings,
> and (d) all other communications concerning executive
> compensation."

(Pl.'s Mem. in Supp. at 2-3.)

## DISCUSSION

The Securities Exchange Act of 1934, as amended in the Private Securities Litigation Reform

Act,  provides that:

> "In any private action arising under this title [15 USCS §§ 78a et
> seq.], all discovery and other proceedings shall be stayed during the
> pendency of any motion to dismiss, unless the court finds upon the
> motion of any party that particularized discovery is necessary to
> preserve evidence or to prevent undue prejudice to that party."

15 U.S.C. § 78u-4(b)(3)(B). This provision establishes "a mandatory stay on discovery pending

judicial determination of the legal sufficiency of the claims." Dabit v. Merrill Lynch, Pierce, Fenner

& Smith, Inc., 395 F.3d 25, 32 (2d Cir. 2005) (additional citations omitted).  Courts "have held [that]

the automatic stay provision of the [PSLRA] is triggered by the mere indication by defense of its

intention to file a motion to dismiss."  In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676,

683 (D. Md. 2000).  As a result, "no discovery should take place until a court has affirmatively

decided that a complaint does state a claim. . . ."  Podany v. Robertson Stephens, Inc., 350 F. Supp.

2d 375, 378 (S.D.N.Y. 2004) (citation omitted).  To the extent that this statute prohibits discovery

of parties, it bars discovery of non-parties as well.  In re Cree, Inc. Sec. Litig., 220 F.R.D. 443, 446 (M.D.N.C. 2004) ("[I]n securities fraud lawsuits governed by the PSLRA, all discovery is stayed against parties and non-parties alike until the court has addressed the sufficiency of the complaint.").  With regard to the particularized discovery exceptions, "a discovery request is particularized" when "it is directed at specific persons," and "it identifies specific types of evidence that fall within its scope."  In re Tyco Int'l, Ltd. Sec. Litig., No. 00 Civ. 1335, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000).

The PSLRA provides for limited discovery in the event that it "is necessary to . . . prevent undue prejudice" to a party.  15 U.S.C. § 78u-4(b)(3)(B).  District courts have defined undue prejudice as "improper or unfair treatment amounting to something less than irreparable harm."  In re Vivendi Sec. Litig., 381 F.Supp.2d 129, 130.  "Courts . . . have partially lifted the discovery stay on the ground of 'undue prejudice' when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding."  Id. (citing In re Worldcom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002)) (additional citations omitted).  In the Worldcom case, the court partially lifted the stay to avoid prejudice to the plaintiffs, who were competing with other related actions and forced to engage in global settlement discussions for the limited Worldcom funds available after its collapse.  In re Worldcom, 234 F. Supp. at 305-06.

The Second Circuit has yet to define "undue prejudice" in this context.  Faulkner v. Verizon Communications, Inc., 156 F.Supp.2d 384, 402 (S.D.N.Y. 2001).  The Southern District of New York has applied the definition set forth in the Southern District of California, which is

"'improper or unfair treatment' rising to a level somewhat 'less than irreparable harm.'" Id. (citing Vacold LLC v. Cerami, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001)) (additional citations omitted); see also In re Vivendi Sec. Litig., 381 F. Supp. 2d at 129 (applying the Med. Imaging standard). In Med. Imaging, the court held that having only a short time frame to obtain discovery prior to a stockholders' vote that will change a company's board of directors does not constitute an undue prejudice. Med. Imaging, 917 F.Supp. at 719, 722. It has also been held that delay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a PSLRA case. In re Initial Public Offering Sec. Litig., 236 F.Supp.2d 286, 287 (S.D.N.Y. 2002). Stays of discovery can be lifted if leaving the stay in place would prevent the plaintiff from obtaining relief in any form. Global Intellicom, Inc. v. Thomson Kernaghan & Co., No 99 CIV 342, 1999 WL 223158, at *1 (S.D.N.Y. April 16, 1999).

In this case, Fisher seeks declaratory relief that would render the tax gross-up provision void. Med. Imaging, 917 F.Supp. at 720 (holding that an imminent vote on a company's board of directors would not cause irreparable harm to the plaintiffs because there were forms of relief available following the vote). If that were to occur, the taxes paid by North Fork would be recoverable as money damages, along with any other payments found improper. See Ocilla Industries, Inc. V. Katz, 677 F.Supp. 1291, 1299 (E.D.N.Y. 1987) (denying a preliminary injunction because money that was improperly disbursed due to employment agreements would be recoverable in damages). Thus, if North Fork paid out the current executive compensation packages prior to a final judgment, and if Fisher ultimately prevailed in the declaratory relief sought, she would not suffer undue prejudice since there would be no

irreparable harm.. Id. (holding that failure to meet the irreparable harm standard defeats a request for injunctive relief). The individual defendant would simply be required to return any unlawful payments received. Med. Imaging, 917 F.Supp. at 720.

CONCLUSION

For the foregoing reasons, plaintiff's request for partial discovery and a partial lifting of the automatic stay is denied.


SO ORDERED.

Dated:    August 4, 2006
             Central Islip, New York

                                  /s/ E. Thomas Boyle
                                  E. Thomas Boyle
                                  United States Magistrate Judge